UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| CHARLES E. CASE, | Case No. 23-cv-05757-PCP |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT AND GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* |
| v. | |
| RON BROOMFIELD, et al., | Re: Dkt. No. 17 |
| Defendants. | |

Charles Case filed this *pro se* civil rights action under 42 U.S.C. § 1983 regarding events which occurred while he was detained at San Quentin State Prison ("SQSP") and at California Health Care Facility ("CHCF").

I.     **Background**

The instant action was opened for Mr. Case on November 8, 2023. After extensions of time, Mr. Case filed a Complaint. *See* Dkt. No. 11. As defendants, Mr. Case names Warden Andes of SQSP, Captain Maxfield of SQSP, Sergeant Gonzalez of SQSP, California Department of Corrections and Rehabilitation ("CDCR") Secretary Macomber, and inmate Ivan Mosqueda, a library assistant at CHCF. Compl. at 3, 7.

Mr. Case's first claim is for "illegal cell searches, lying/falsifying in an official document, putting [his] life in jeopardy." *Id.* at 4. To support this claim, he states that "over 15 years ago" an unidentified prison lost three boxes of his property, which deprived him of the ability to appeal his convictions. *See id.* He states that he exhausted this claim. *See id.*

Mr. Case's second claim is for "illegal confiscation of allowed property" at an unidentified prison. *Id.* at 5. He states that his property was confiscated so as to deprive him of access to the courts. *See id.* He states that he did not fully exhaust this claim. *See id.*

Mr. Case's third claim is for "illegal cell searches, retaliation" at an unidentified prison. *Id*. at 6. He states that CDCR officials "damaged [his] property" during "4 illegal cell searches." *Id*. He states that he did not fully exhaust this claim. *See id*.

As relief, Mr. Case asks the Court to order the "remov[al] [of] all false information from [his] criminal record," to discipline CDCR employees, and for monetary compensation. *Id*. at 7.

## II.     Legal Standard

Federal courts must screen any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.    Analysis

### A.     First claim

Mr. Case's first claim is time-barred.

Section 1983 "borrows" a statute of limitations from the forum state's statute of limitations for personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 278–80 (1985). Here, that statute of limitations is two years. *See* Cal. Code Civ. Proc. § 335.1. Where the plaintiff is incarcerated, California tolls the statute of limitations for an additional two years. *See* Cal. Civ. Proc. Code § 352.1(a). Thus, an inmate has four years to bring a § 1983 claim for damages in California. "[T]he touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006).

Here, Mr. Case states that the events which gave rise to his first claim occurred "over 15 years ago." Compl. at 4. He also states that he "was not able to appeal [his] trial convictions" because of these events. *See id*. State court records show that Mr. Case was convicted in 1996, and that the California Supreme Court denied his direct appeal in 2018. *See People v. Case*, Case No. S057156 (Cal. S. Ct. 1996). Thus, whether the loss of his property occurred at the time of his 1996

2

1  conviction, or sometime between that conviction and the California Supreme Court's 2018
2  decision, the statute of limitations ran well before Mr. Case filed the instant action.

3       **B.**    **Second and Third Claims**

4  On the face of the Complaint, Mr. Case says that his second and third claims are not
5  exhausted. *See* Compl. at 5, 6. He says that he did not exhaust because he "do[es] not have to in
6  order to file a civil rights complaint in the courts." *Id*. at 6. Mr. Case's contention is incorrect.
7  Exhaustion is mandatory, and the failure to exhaust is fatal to his second and third claims.

8  Federal law provides that "[n]o action shall be brought with respect to prison conditions
9  under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or
10 other correctional facility until such administrative remedies as are available are exhausted." 42
11 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. *Porter v.*
12 *Nussle*, 534 U.S. 516, 524 (2002); *Ross v. Blake*, 578 U.S. 632, 638–39 (2016) (mandatory
13 language of § 1997e(a) forecloses judicial discretion to craft exceptions). All available remedies
14 must be exhausted, and exhaustion is a prerequisite to suit. *See Porter,* 534 U.S. at 524; *see also*
15 *Booth v. Churner*, 532 U.S. 731, 741 (2001). District courts lack discretion to ignore a failure to
16 exhaust. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).

17 Because Mr. Case did not exhaust, the Court must dismiss his second and third claims.

18      **C.**    **Amendment**

19 Although district courts generally afford prisoner litigants the opportunity to amend their
20 complaint, a court may deny leave to amend if it finds any of: "(1) bad faith, (2) undue delay, (3)
21 prejudice to the opposing party, (4) futility of amendment; [or] (5) [the] plaintiff has previously
22 amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

23 Here, amendment would be futile. The face of the Complaint reveals that Mr. Case's first
24 claim is time-barred, and Mr. Case cannot add facts on amendment that will salvage his time-
25 barred claim. *See  Deutsch v. Turner Corp.*, 324 F.3d 692, 718 & n.20 (9th Cir. 2003) (affirming
26 dismissal with prejudice because "amendment would be futile," where statute of limitations on a
27 claim ran before the complaint was filed); *see also Badwi v. Johnson*, 285 F. App'x 378 (9th Cir.
28 2008) (same, where prisoner failed to file his complaint within the statute of limitations).

United States District Court
Northern District of California

1  Likewise, where courts dismiss for a failure to exhaust, the Ninth Circuit has recognized that
2  amendment would be futile. *See Williams v. Paramo*, 840 F. App'x 212, 213 (9th Cir. 2021) ("We
3  conclude amendment would have been futile because it would not cure Williams' failure to
4  exhaust available administrative remedies."); *Mahone v. Morgan*, 135 F. App'x 930, 931 (9th Cir.
5  2005) ("The district court did not abuse its discretion in denying Mahone leave to amend his
6  complaint because the claim he sought to include had not been administratively exhausted, so
7  amendment would have been futile.").
8      Because the defects could not be cured by amendment, amendment would be futile.

### D. Venue

Mr. Case did not clearly identify where his various injuries occurred. He sued several officers from SQSP, which lies within this District. However, he also sued a defendant from CHCF. *See* Compl. at 7. CHCF is located in Stockton, California, which lies within the Eastern District of California. *See* 28 U.S.C. § 84(b). Thus, if Mr. Case has any recent, exhausted claims against persons at CHCF, he should file his lawsuit in the United States District Court for the Eastern District of California.

### IV. Conclusion

1. The Complaint does not state any cognizable claim. The defects are not curable on amendment, so this action is DISMISSED.

2. Mr. Case's motion to proceed *in forma pauperis* is GRANTED. *See* Dkt. No. 17. The initial partial filing fee is $8.75. *See* 28 U.S.C. § 1915(b)(1) (requiring a court to assess an initial filing fee of 20 percent of a prisoner's average monthly deposits or monthly balance, whichever is greater). A copy of this order and the attached instructions will be sent to Mr. Case via U.S. mail, and to the California Department of Corrections and Rehabilitation (CDCR) and the court's financial office via email at trusthelpdesk@cdcr.ca.gov and CAND_Finance@cand.uscourts.gov.

**IT IS SO ORDERED.**

Dated: March 31, 2025

P. Casey Pitts
United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid. If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner

                                            Court's Finance Office
                                            United States District Judge